UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                                      CASE NO.

**THEODORE DONALD HORROBIN**                                    **07-11738**

DEBTOR                                                                              CHAPTER 13

### MEMORANDUM OPINION

Wells Fargo Financial Louisiana, Inc. ("Wells Fargo") objects to confirmation of the debtor's chapter 13 plan based upon the treatment of its claim. For the reasons stated in this Memorandum Opinion, the court sustains the objection.

FACTS

The debtor's proposed amended chapter 13 plan surrenders a 2007 GMC Yukon to Wells Fargo in full satisfaction of its claim. According to Wells Fargo, the NADA value of the vehicle is $32,925; the value assigned by the debtor in his schedules is $32,000. Wells Fargo holds a claim in the amount of $53,256.71.

According to documents attached to the Wells Fargo proof of claim, the debtor acquired the Yukon on April 25, 2007, 230 days before December 10, 2007, the date of his bankruptcy filing. Accordingly, the debtor's treatment of the Wells Fargo claim is governed by 11 U.S.C. §1325(a), and specifically the so-called "hanging paragraph" following 11 U.S.C. §1325(a)(9).[1] The court has not directly ruled on this issue since the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") in 2005.

---

[1] "For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day* preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing."

*Ed. Note: So in original. The word "period" was probably omitted inadvertently in the 2005 Act.

ANALYSIS

The "hanging paragraph" converts claims secured by motor vehicles acquired by the debtor for personal use during the 910-day period preceding bankruptcy into fully secured claims that must be paid under the plan. The amendment, one of many made by BAPCPA, prevents debtors from "stripping down" liens on vehicles acquired during the period specified in the statute.

Since the enactment of BAPCPA, which took effect October 17, 2005, courts have wrestled with the application of the provision under different factual settings. The setting confronting this debtor—who desires to surrender the vehicle in full satisfaction of the Wells Fargo claim—is not uncommon and has generated many opinions in the past twelve months, including several by courts of appeal other than the Fifth Circuit.

The Seventh Circuit, in *In re Wright,* 492 F.3d 829 (7th Cir. 2007), was the first court of appeal to conclude that a debtor surrendering a 910 vehicle remained liable to the lienholder for an unsecured deficiency claim, pursuant to state law and the underlying contract.[2] Writing for the court, Judge Easterbrook discussed the lopsided effect of cram-down and the risk to creditors and debtors when a court incorrectly estimates the collateral's market value. "Creditors systematically lose from this asymmetry—and in the long run solvent borrowers must pay extra to make up for creditors' anticipated loss in bankruptcy." *Id.* at 830.

The Seventh Circuit opined that by making §506 inapplicable to 910 vehicles, the hanging paragraph left the parties to their contractual entitlements—in that case, Uniform Commercial Code §9-615(d)(2). The court reasoned that, if the debtors had surrendered their car the day before bankruptcy, the creditor would have been entitled to treat a shortfall in the

---

[2] The case reached the Seventh Circuit by direct appeal from the bankruptcy court after certification by the bankruptcy judge pursuant to 28 U.S.C. §158(d)(2)(A).

collateral's value as unsecured debt. "It is hard to see why the result should be different if the debtors surrender the collateral the day after filing for bankruptcy when, giving the hanging paragraph, no operative section of the Bankruptcy Code contains any contrary rule." 492 F.3d at 832. The court also noted that the unsecured claim need not be paid in full in chapter 13, "but it can't be written off *in toto* while other unsecured creditors are paid some fraction of their entitlements." *Id.* at 833.

The Sixth Circuit, following the opinion of the Seventh Circuit in *Wright,* also concluded that the hanging paragraph does not deprive a secured creditor with a lien on a 910 vehicle of a deficiency claim upon surrender pursuant to the plan. *In re Long,* 519 F.3d 288 (6th Cir. 2008). The court held that the "hanging paragraph" does not bar creditors from an unsecured deficiency claim upon surrender of a 910 vehicle under the plan, although it suggested that courts should develop a "uniform national rule" rather than relying on the "vagaries of state laws as to foreclosure, repossession, sale and judicial remedy" to govern treatment of the deficiency claims in bankruptcy cases. 519 F.3d at 291.

The *Long* court concluded from the sparse legislative history that Congress only intended that the hanging paragraph prevent debtors from cramming down debt when they elect to retain collateral under §1325(a)(5)(B). It wrote that there was "no legislative history that suggests that car lenders and lienholders should be negatively impacted by the hanging paragraph in situations where the debtor elects to surrender the collateral." 519 F.3d at 294. Further, it suggested that construing the provision as barring lienholders from pursuing deficiency claims made no sense: "The consumer would have an incentive to buy an expensive new car, drive it for awhile, file for Chapter 13, surrender the car, and wipe out the debt. Car dealers and finance companies would have to figure these new uncertainties into the price or financing costs of each car sold." *Id.* at

295.  Thus it held that the "best solution" was to treat §506 as continuing to apply after BAPCPA to cases involving a debtor's surrender of collateral.  However, it recognized that resorting to state law for the preservation and treatment of deficiency claims undermined the uniformity that Congress sought through the Bankruptcy Code.  *Id.* at 296-7.  Accordingly, it directed inferior courts in the Sixth Circuit to treat claims subject to the hanging paragraph where the debtor's plan surrenders the collateral exactly as they did before BAPCPA was enacted in 2005.  *Id.* at 298.

The Eighth Circuit also decided that the hanging paragraph does not eliminate an unsecured creditor's deficiency claim when the chapter 11 plan proposes to surrender a 910 vehicle, and that the creditor's right to an unsecured deficiency was based on state law.  *Capital One Auto Finance v. Osborn,* 515 F.3d 817 (8th Cir. 2008).  The *Osborn* court noted that the contract allowed the creditor to sue the debtors for amounts due on the note if the sale of the collateral yielded insufficient proceeds to pay the debt, and that Missouri law provided for unsecured deficiency judgments upon disposition of collateral after default (citing the Missouri version of UCC 9-615).  Accordingly, "as nothing in §502 or §1325 denies a creditor an unsecured deficiency claim, Capital One is entitled to one."  515 F.3d at 822 (footnotes and citations omitted).  *See also Americredit Financial Services, Inc. v. Moore,* 517 F.3d 987 (8th Cir. 2008) ("hanging paragraph" did not eliminate a secured creditor's post-surrender, post-sale deficiency for 910 vehicles, but the deficiency claim is an unsecured claim rather than a fully secured claim).

Continuing the trend, the Tenth Circuit, on May 19, 2008, ruled that when a chapter 13 debtor surrenders a 910 vehicle through the plan, the hanging paragraph does not bar the creditor's right to assert a deficiency claim when authorized by state law.  *In re Ballard,* 526 F.3d

634 (10th Cir. 2008).  The *Ballard* court recognized the interplay between §1325(a)(5) and 506(a) and concluded that the hanging paragraph prevents the valuation under §506(a) of certain claims. The court reasoned that nothing in §1325 or §502 invalidated or limited a creditor's state law claim for an unsecured deficiency on the facts of the case.  Absent a contrary federal rule, "a bankruptcy court should ensure that a creditor's rights are protected in accordance with state law." *Id.* at 630, citing *Butner v. United States,* 440 U.S. 48, 55-56, 99 S.Ct. 914, 59 L.Ed. 2d 136 (1979).  Thus, a debtor surrendering a 910 vehicle under 11 U.S.C. §1325(a)(5)(C) satisfies the requirement for plan confirmation with respect to that specific secured claim, but whether a creditor may assert an unsecured claim for the deficiency after the disposition of the vehicle depends on the underlying contract and state law.  Because under Oklahoma's version of UCC 9-615(d)(2) and the contract the *Ballard* debtors remained liable for any deficiency after liquidation, the creditor was entitled to pursue its unsecured deficiency claim.

The Fourth Circuit recently joined the Seventh, Eighth and Tenth Circuits "in holding that, after a debtor satisfies the requirements for plan confirmation under §1325(a)(5)(C) by surrendering his 910 vehicle, the parties are left to their contractual rights and obligations, and the creditor may pursue an unsecured deficiency claim under state law." *Tidewater Finance Company v. Kenney*, 2008 WL 2514194 at *5 (4th Cir. 2008) (citations omitted).  The *Tidewater Finance* court held that the debtor's surrender of his vehicle gave the creditor "full market value of the collateral, and any deficiency after the sale of the vehicle is an unsecured debt that must be treated as an unsecured claim in the bankruptcy reorganization plan." *Id.* at *7.

Finally, though the Fifth Circuit has not ruled on the issue, at least two bankruptcy courts in the Fifth Circuit have held in written opinions that a debtor's surrender of a vehicle through the plan does not deprive the creditor of an unsecured claim for any deficiency. *See In re Clark,* 363

B.R. 492 (Bankr. N.D. Miss. 2007) (Houston, J.) (reversing earlier decision and concluding that nothing in hanging paragraph disallows an unsecured deficiency claim held by a 910 creditor whose debt was a full recourse obligation under non-bankruptcy law); *In re Newberry,* 2007 WL 1308318 (Bankr. W.D. Tex. 2007) (McGuire, J.) (following *Clark* and other opinions holding that surrender does not deprive secured creditor of unsecured deficiency claim).

## CONCLUSION

The persuasive reasoning of the courts of appeal that have considered the issue supports the conclusion that the debtor's surrender of a so-called "910 vehicle" in a plan does not bar that creditor from pursuing an unsecured deficiency claim against the debtor, if the parties' agreement and state law allow a deficiency claim.[3]  Wells Fargo's objection to confirmation is sustained.

Baton Rouge, Louisiana, August 4, 2008.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[3] The court does not now reach the question of whether Wells Fargo Financial Louisiana, Inc. has a deficiency claim under state law, including the issue of whether it has done anything required to preserve that claim.  That specific issue has not been raised.

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 053N−3 | User: csmi | Date Created: 8/5/2008 |
| Case: 07−11738 | Form ID: pdf801 | Total: 78 |

**Recipients of Notice of Electronic Filing:**
ust     U.S. Trustee     ustp.region05@usdoj.gov
tr     Annette C. Crawford     crawfordtrustee@annettecrawford.com
aty     Candace A. Courteau     ljacob@creditorlawyers.com
aty     Fred A. Rogers, III     bknotice@rhclex.com
aty     Greg Gouner     greggouner@bellsouth.net
aty     Hilary B. Bonial     hbb@bkcylaw.com
aty     Sonya D. Ryland     millicanryland@yahoo.com

                                                                                                            TOTAL: 7

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| db | Theodore Donald Horrobin | 5370 Courtyard Drive     Gonzales, LA 70737 |
| cr | Bank of America N.A. | 475 Crosspoint Parkway     P.O. Box 9000     Getzville, Ny 14068 |
| cr | Deutsche Bank Trust Company Americas as Trustee, as serviced by Homecomings Financial, LLC     c/o Candace A. Courteau     PO Box 15270     Monroe, LA 71207−5270 | | |
| cr | Wells Fargo Financial Louisiana, Inc.     Rogers &Hearne, APLC     4415 Thornhill Avenue     Shreveport, LA 71106 | | |
| 1171411 | American Express Travel Related Services Co, Inc     c/o Becket and Lee LLP     POB 3001     Malvern PA 19355−0701 | | |
| 1149660 | Ascension Capital Group, Inc.     Attn: HSBC Auto Finance Dept.     P.O. Box 201347     Arlington, TX 76006 | | |
| 1154633 | B−Real, LLC     MS 550     PO Box 91121     Seattle, WA 98111−9221 | | |
| 1143242 | Bank of America     Nc4−105−03−14     4161 Peidmont Pwy     Greensboro, NC 27420 | | |
| 1143243 | Bank of America     Nc4−105−03−14     4161 Peidmont Pwy     Greensboro, NC 27420 | | |
| 1143245 | Bank of America     P.O. Box 15726     Wilmington, DE 19886−5726 | | |
| 1143246 | Bank of America     P.O. Box 15726     Wilmington, DE 19886−5726 | | |
| 1143244 | Bank of America     PO Box 533512     Atlanta, GA 30353−3512 | | |
| 1145227 | Bank of America N.A.     475 CrossPoint Parkway     P.O. Box 9000     Getzville, NY 14068 | | |
| 1154873 | Bank of America N.A.     475 Crosspoint Pkwy     P.O. Box 9000     Getzville, NY 14068 | | |
| 1143247 | Bankamerica     P. O. Box 675000     Orlando, FL 32867 | | |
| 1152031 | CAPITAL ONE BANK     C/O TSYS DEBT MANAGEMENT     PO BOX 5155     NORCROSS, GA 30091 | | |
| 1149670 | CHASE BANK USA, N. A.     Resurgent Capital Services     PO Box 10587     Greenville, SC 29603−0587 | | |
| 1143248 | Capital 1 Bank     Attn: C/O TSYS Debt Management     Po Box 5155     Norcross, GA 30091 | | |
| 1143249 | Capital 1 Bank     Attn: C/O TSYS Debt Management     Po Box 5155     Norcross, GA 30091 | | |
| 1143250 | Capital One     PO Box 650007     Dallas, TX 75265−0007 | | |
| 1143251 | Capital One     PO Box 650007     Dallas, TX 75265−0007 | | |
| 1143252 | Chase     800 Brooksedge Blv     Westerville, OH 43081 | | |
| 1143253 | Chase− Bp     Po Box 15298     Wilmington, DE 19850 | | |
| 1143254 | Chevron / Texaco Citibank     Po Box 20374     Kansas City, MO 95424 | | |
| 1143255 | Cpu/citi     Credit Bureau Disp Po Box 6003     Hagerstown, MD 21747 | | |
| 1155954 | Dell Financial Services, LP     c/o Resurgent Capital Services     P.O. Box 10390     Greenville, SC 29603−0390 | | |
| 1143256 | Dell Preferred Account     PO Box 6403     Carol Stream, IL 60197−6403 | | |
| 1147650 | Deutsche Bank National Trust Co.     by Homecomings Financial, LLC     c/o Dean Morris, L.L.P.     P.O. Box 15270     Monroe, LA 71207−5270 | | |
| 1143257 | Dfs/cit     One Dell Way     Round Rock, TX 78682 | | |
| 1145328 | Discover Bank/DFS Services LLC     PO Box 3025     New Albany, OH 43054−3025 | | |
| 1143258 | Discover Card     PO Box 30395     Salt Lake City, UT 84130−0395 | | |
| 1143259 | Discover Financial     Po Box 3025     New Albany, OH 43054 | | |
| 1143240 | District Counsel     Internal Revenue Service     PO Box 30509     New Orleans, LA 70190 | | |
| 1143260 | Exxon Mobil     Processing Center     Des Moines, IA 50361−0001 | | |
| 1167537 | FIA Card Services aka Bank of America     by eCAST Settlement Corporation     as its agent     POB 35480     Newark NJ 07193−5480 | | |
| 1153522 | FOURSCORE RESOURCE CAPITAL LLC     c/o Jefferson Capital Systems LLC     PO BOX 23051     COLUMBUS GA 31902−3051 | | |
| 1149723 | GE Consumer Finance     For GE Money Bank     dba ROOMS TO GO/GEMB     PO Box 960061     Orlando FL 32896−0661 | | |
| 1143263 | HSBC     Hsbc Card Srvs Attn: Bankruptcy     Po Box 5213     Carol Stream, IL 60197 | | |
| 1143264 | HSBC     PO Box 5218     Carol Stream, IL 60197−5218 | | |
| 1143265 | HSBC     PO Box 80084     Salinas, CA 93912−0084 | | |
| 1150783 | HSBC Auto Finance (f/k/a Household Auto Finance Co     P.O. Box 60130     City Of Industry, CA 91716 | | |
| 1143261 | Home Depot     PO Box 689100     Des Moines, IA 50368−9100 | | |
| 1143262 | Homecome Fin     2711 N Haskell Suite 1000     Dallas, TX 75204 | | |
| 1145974 | Homecomings Financial, LLC     Attn: Mail Code 507−345−110     3451 Hammond Avenue     Waterloo, Iowa 50702 | | |